# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case No. 1:21-cr-00032-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LOGAN SCOTT DEBYLE

    Defendant.

## UNOPPOSED MOTION FOR CONTINUANCE OF JURY TRIAL, TO EXTEND MOTIONS AND PLEA AGREEMENT DEADLINE

    COMES NOW Defendant, Logan Debyle, through undersigned counsel, and respectfully moves to continue the current trial setting of April 12, 2021. Mr. Debyle moves for an ends of justice exclusion of 60 days from the speedy trial clock.

    Undersigned counsel has conferred with Assistant United States Attorney David Tonini, who does not oppose this request.

### I. Background

    1.    On February 5, 2021, Mr. Debyle was indicted with one count of knowingly aiming the beam of a laser pointer at a helicopter operated by the Denver Police Department.

    2.    Motions in the case are due today and the trial is scheduled for April 12, 2021.

    3.    Counsel and the government have been in plea discussions and undersigned counsel is hopeful the case will resolve without a trial.

4.      Mr. Debyle is a graduate student in the Accelerated Masters of Public Administration at the University of Colorado School of Public Affairs with a focus on Environmental Protection and Regulation. Last spring he graduated with provost honors with a degree in political science from Metropolitan State University in Denver. He was the elected Speaker of the Student Body Senate and Chief of Staff for the Student Government Association at Metropolitan State University his junior and senior years. Mr. Debyle was on a full scholarship for academics and track at Metropolitan State University and was President of the NCAA Student Athletic Advisory Committee for Denver and the representative to the Rocky Mountain Athletic Conference. He has served as an intern at various political positions.

5.      Shortly after the Indictment, undersigned counsel began work with a mitigation investigator in order to provide information in support of a resolution to the Assistant United States Attorney. Much work was done with respect to Mr. Debyle's educational success, background and circumstances of the offense. However, it was discovered today there is a significant amount of investigation that needs to be conducted and then presented to the Assistant United States Attorney with respect to 18 U.S.C. § 3553(a) factors, specifically the history and characteristics of the defendant. Counsel and the investigator only discovered this information today and it has led to the need to interview many additional witnesses and gather out of state records regarding his childhood that will likely be time consuming to obtain.

## II. Exclusion of Time under the Speedy Trial Act

6. The Speedy Trial Act requires a trial to commence in a criminal case within 70 days after the indictment or initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded, including time excluded by the Court "on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999).

7. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice." § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)).

8. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance; (3) the inconvenience to the opposing party, its witnesses, and

the court resulting from the continuance; and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

9. "Before deciding whether to plead guilty, a defendant is entitled to the 'effective assistance of competent counsel.'" *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). In this context, effective representation requires "counsel's informed opinion as to what pleas should be entered." *United States v. Carter*, 130 F.3d 1432, 1442 (10th Cir. 1997).

### III. Argument

10. Defense counsel's request for continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

11. The ends of justice served by this requested delay serve the best interest of the public and Mr. Debyle. Proceeding within the current time requirements would deny counsel for the defendant the reasonable time necessary for effective preparation.

12. As noted, in a lengthy interview today with Mr. Debyle new information was discovered that is highly relevant to his background and plea negotiations. Counsel needs more time to obtain this information and present a complete history of Mr. Debyle to the government in support of a resolution in this matter. The inability to obtain and present that information could result in the parties not reaching a resolution that would be a miscarriage of justice.

13. Defense counsel's request for a continuance in this case also satisfies the factors set out in *United States v. West*.

4

14. First, defense counsel has been diligent in reviewing discovery, speaking with Mr. Debyle and conducting a mitigation and factual investigation. It is not uncommon for someone to delay in disclosing difficult parts of their past, particularly when all meetings have been held via Zoom due to COVID precautions.

15. Second, it is likely that this continuance would accomplish the underlying purpose of this request. Excluding 60 days from the requirements of the Speedy Trial Act will allow time for the defense investigator to complete the defense investigation and will allow the parties time to present, review and discuss a resolution.

16. Third, the defense asserts that the 60-day continuance sought in this matter will not prejudice the Government or Mr. Debyle. Assistant United States Attorney Mr. Tonini does not oppose this request.

17. The final *West* factor is the need asserted for the continuance and the harm the defendant might suffer as a result of a denial. The need for the continuance is described throughout this motion. The defense learned of additional information that needs to be investigated just today and that information includes out-of-state records that will take time to request and obtain as well as many new witnesses to be interviewed.

**IV. Conclusion**

These combined facts demonstrate that further time is necessary and that the ends of justice are served by a continuance in this matter. Therefore, Mr. Debyle respectfully requests that this Court exclude 60 days from the calculation of speedy trial

and continue the trial date and other deadlines set forth in the existing Order (ECF No. 25).

Dated: March 1, 2021.

Respectfully submitted,

*s/ Kathryn J. Stimson*
Kathryn J. Stimson
STIMSON STANCIL LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone: 720.689.8909
Email: stimson@sslhlaw.com

*Counsel for Logan Scott Debyle*

### Certificate of Service

I certify that on March 1, 2021, I electronically filed the foregoing *Unopposed Motion for Continuance of Jury Trial, to Extend Motions and Plea Agreement Deadline* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

David Tonini
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Ste. 1600
Denver, CO 80202
David.tonini@usdoj.gov

*s/ Brenda Rodriguez*
Brenda Rodriguez